PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FOSTER, ) | |
| ) | CASE NO.  4:25-CV-1524 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| SMUCKER, *et al.*, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER OF DISMISSAL** |
| Defendants. ) | [Resolving ECF Nos. 1, 2] |
| ) | |

Pending before the Court are Plaintiff's Complaint and Plaintiff's Motion to Proceed *In Forma Pauperis*, both filed on July 22, 2025. ECF Nos. 1, 2.  The motion is denied and the case is dismissed for the reasons herein.

### I. Background

Plaintiff Christopher Foster, a federal inmate, filed a complaint *pro se* against Defendants Northeast Ohio Correctional Center (NEOCC), NEOCC Assistant Unit Manager Smucker,[1] and law firm Struck Love Acedo, PLC alleging that NEOCC personnel opened mail from his legal counsel outside of Plaintiff's presence.  ECF No. 1.  Plaintiff states that: (1) he prefers to have a single cell without a cellmate because he is disabled; (2) prison officials attempted to assign another inmate to Plaintiff's cell, but Plaintiff refused, asserting that doing so would expose him to risk of physical harm from inmates unwilling to share a cell with a disabled person; and (3) Defendant Smucker told another inmate to "fight" Plaintiff to coerce him into terminating a

---

[1] Plaintiff alternates between spelling Defendant's name as "Smucker" and "Schmucker."

(4:25-CV-1524)

lawsuit brought under the Americans with Disabilities Act.[1] ECF No. 1 at PageID #: 1–3. Plaintiff also alleges that "none of these issues would exist if the Love Struck firm were not in court lying . . . in order to coerce me." ECF No. 1 at PageID #: 2. Based on these allegations, Plaintiff claims that Defendants violated § 9.06(B)(3), (15), (K), and (M)(6) of the Ohio Revised Code. ECF No. 1 at PageID ##: 1–3; Ohio Rev. Code § 9.06 (2025). He asks the Court for monetary damages and an order enjoining NEOCC from assigning him a cellmate. ECF No. 1 at PageID #: 3.

## II. Discussion

Plaintiff erred by: (1) not fully completing an application to proceed *in forma pauperis*; (2) not completing a prisoner affidavit; and (3) not providing a certified statement copy of his prisoner trust account. ECF Nos. 1 at PageID ##: 1–14, 2 at PageID ##: 15–16. Within the application to proceed *in forma pauperis*, Plaintiff filed a single, incomplete page containing only a signature and the date. ECF No. 2 at PageID ##: 15–16. Plaintiff is a prolific litigant in federal court, and should be familiar with the requirements to proceed *in forma pauperis*. *See, e.g.*, *Foster v. North East Corr.*, No. 4:25 CV 295 (N.D. Ohio Aug. 8, 2025) (dismissed on summary judgment); *Foster v. Lucas Cty*, No. 3:16 CV 2168 (N.D. Ohio Nov. 17, 2016) (dismissed under 28 U.S.C. § 1915(g)); *Foster v. Lucas Cty Corr. Cntr*, No. 3:16 CV 2109 (N.D. Ohio June 28, 2018) (dismissed under 28 U.S.C. § 1915(e)); *Foster v. Ohio Dept. of Rehab. and Corr.*, No. 3:16 CV 658 (N.D. Ohio June 15, 2016) (dismissed under 28 U.S.C. § 1915(a)); *Foster v. State of Ohio*, No. 3:16 CV 476 (N.D. Ohio May 27, 2016) (dismissed because Plaintiff

---

[1] Alongside his complaint, Plaintiff attached a copy of a communication sent on July 3, 2025 in which he stated: "Ms. Watt did you really have this guy moved in here and tell the guy to fight me as a solution to my single cell." ECF No. 1–5 at PageID #: 11.

(4:25-CV-1524)

did not submit an *in forma pauperis* application); *Foster v. State of Ohio*, No. 3:15 CV 2256 (N.D. Ohio Feb. 11, 2016) (dismissed under 28 U.S.C. § 1915(g)); *Foster v. Toledo Corr. Inst.*, No. 3:15 CV 404 (N.D. Ohio June 6, 2018) (dismissed on summary judgment); *Foster v. Hamilton Cty.*, No. 1:14 CV 642 (S.D. Ohio Oct. 20, 2014) (dismissed under 28 U.S.C. § 1915(e)); *Foster v. State of Ohio*, No. 1:14 CV 668 (S.D. Ohio Nov. 3, 2014) (dismissed under 28 U.S.C. § 1915(e)); *Foster v. State of Ohio*, No. 1:15 CV 595 (S.D. Ohio Dec. 2, 2015) (dismissed under 28 U.S.C. § 1915(g)); *Foster v. Ohio Dept. of Rehab. and Corr.*, No. 2:19 CV 1576 (S.D. Ohio Dec. 31, 2019) (dismissed under 28 U.S.C. § 1915(g)); *Foster v. State of Ohio*, No. 1:16 CV 920 (S.D. Ohio Jan. 16, 2019) (dismissed on summary judgment); *Foster v. Ohio Dept. of Rehab. and Corr.*, No. 1:18 CV 247 (S.D. Ohio May 7, 2019) (dismissed under 28 U.S.C. § 1915(g)).

    A court may authorize commencement of an action without prepayment if a plaintiff shows, by affidavit, that he satisfies the necessary criteria for poverty. *See* 28 U.S.C. § 1915(a). Federal inmates, however, are still responsible for paying their filing fees and costs when a complaint is first filed. *See* 28 U.S.C. § 1915(b). When an inmate seeks pauper status, a court must determine whether the inmate pays the entire fee (a) at the initiation of the proceeding or (b) over an extended period under an installment plan. *See id.* Absent imminent danger, the benefit of an installment plan is denied to inmates who have—on three or more prior occasions while incarcerated—brought an action that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

    Plaintiff has had many cases dismissed for frivolity, maliciousness, failure to state a claim, and noncompliance with the provisions of § 1915(g). *See* discussion *supra* Part II; *see id.* To proceed *in forma pauperis*, Plaintiff must properly complete the required form and also

3

(4:25-CV-1524)

demonstrate that the exception to the 'three-strikes' provision of § 1915(g) applies to his present circumstances.[2] *See* 28 U.S.C. § 1915(g); *see* Form AO239, N.D. Ohio (2025). Plaintiff failed to do either. ECF No. 2 at PageID ##: 15–16.

Because Plaintiff did not fully complete an application to proceed *in forma pauperis*, did not complete a prisoner affidavit; and did not provide a certified statement copy of his prisoner trust account, the Court does not have a completed application to consider.

### III. Conclusion

Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is denied and his Complaint (ECF No. 1) is dismissed. Plaintiff may reopen this case within 30 days by paying the full filing fee ($405.00) and filing a supporting motion. The clerk shall not accept any documents for filing, including a motion to reopen, unless the filing fee has been paid in full.

IT IS SO ORDERED.

| September 17, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Barring excess actions "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g)

4